

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/2025

October 15, 2025

VIA ECF

Hon. Nelson S. Roman
U.S. District Court
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

RE:    Letter Response to Plaintiff's Proposed Case Management Plan
        Loren Rothman v. Hasz Project Management and Design
        And Suzanne Hasz
        Case No.    :    24-CV-03651
        Our File No.  :    12375

Dear Judge Roman:

We represent all Defendants in this action.

We write this letter, in response to Plaintiff's Proposed Case Management Plan.

We engaged in discussions with Plaintiff's counsel regarding the proposed plan and we stated to them that such a Case Management Plan was premature because:

> We believe the better course is to inform the Court that you no longer wish to amend the Complaint, and that Defendants will be renewing their request to file a Rule 12(c) motion based on the admitted releases, with no overlap with the prior 12(b)(6) motion, which did not include any argument pertaining to the releases, as they were not yet admitted by Plaintiff.

*MEMO ENDORSED*

*See* Pg. 3

**New York City:** 515 Madison Avenue, 6h Floor, New York, NY 10022 | Tel: +1(212) 725-1818
**Rockland County:** 2 Executive Blvd Suite 410, Suffern, New York 10901 | Tel +1 (845) 353-1818

www.adwarivko.com

Hon. Nelson S. Roman
October 15, 2025
Page 2

> In your response to our pre-motion letter, you expressed to the court that your amendment would allege the releases were induced by fraud. It was our intention to review your allegations supporting such claim, with Rule 9(b) in mind, to see if any further pleading motion was necessary. However, since you are now not amending your pleadings, we believe grounds for a 12(c) motion remain in order.
>
> To that end, we believe a case management plan is premature.

We request an extension of time to file a Case Management plan for the reasons stated.

We will renew our request for leave to file a Rule 12(c ) motion, because we believe the Court has misapprehended the basis of Defendants' proposed motion. It is not in any way an attempt to reargue the previously denied Rule 12(b)(6) motion.

Rather, the grounds for such motion would be based on the undisputed pleadings – to wit, that the Complaint should be dismissed as Plaintiff executed complete releases of Defendants. Such releases provide a complete defense to Plaintiff's claims. ("It is well-established under the law of New York that 'a valid release constitutes a complete bar to an action on a claim which is the subject of the release ... [i]f the language of a release is clear and unambiguous, [because] the signing of a release is a jural act binding on the parties [ ].'" Armenta v. Preston, 196 A.D.3d 1197, 147 N.Y.S.3d 920 (N.Y. App. Div. 4th Dept. 2021); see also Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V., 17 N.Y.3d 269, 276-77, 929 N.Y.S.2d 3, 952 N.E.2d 995 (2011) ("Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release ....") (internal quotations omitted); Locafrance U. S. Corp. v. Intermodal Sys. Leasing, Inc., 558 F.2d 1113, 1115 (2d Cir. 1977) ("When, as here, a release is signed in a commercial context by parties in a roughly equivalent bargaining position and with ready access to counsel, the general rule is that, if 'the language of the release is clear[ ] ... the intent of the parties [is] indicated by the language employed.' ") (emphasis added); In re Times Square JV LLC, 659 B.R. 408, 419 (Bankr. S.D.N.Y. 2024) (collecting cases applying New York law and noting that "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms")." *In re Basic Food Grp., LLC*, 663 B.R. 201, 216 (Bankr. S.D.N.Y. 2024.)

Here, in their Response to Defendants' Answer and Counterclaim [ECF 28], paragraphs 192 and 203, Plaintiff has pled that it does not dispute the authenticity and accuracy of the releases. Thus, this Court can grant motion on the pleadings relying on the Plaintiff's aversions, without resort to a summary judgment motion.

Hon. Nelson S. Roman
October 15, 2025
Page 3

This issued was not raised in Defendants' Rule 12(b)(6) motion because it was not yet ripe for submission, as the Plaintiff had not yet accepted the authenticity of the releases in its pleading. This is the sole grounds for dismissal the Defendants would present, repeating no argument previously made.

Respectfully Submitted,
ADWAR IVKO

/Armando Llorens/
*armando@adwarivko.com*

AL:sb

Pursuant to the Court's prior endorsement, dated October 9, 2025, the Court granted Plaintiff leave to file an amended complaint by or on November 12, 2025. (ECF No. 31.) Accordingly, to the extent that Plaintiff does file an amended complaint, Defendants are granted leave to respond by or on December 3, 2025. If Defendants wish to file an appropriate motion to dismiss Plaintiff's amended complaint, they must do so in accordance with the following briefing schedule.

- (1) Defendants are to serve (not file) their moving papers on January 20, 2026;
- (2) Plaintiff is to serve (not file) opposition papers on February 9, 2026; and
- (3) Defendants are to serve their reply papers on February 24, 2026.

The parties are directed to file all motion papers on the reply date, February 24, 2026. The parties are also directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel and are further directed to provide the Court with an electronic courtesy copy of all motion papers as they are served. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 34.

Dated: October 27, 2025
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge